# Richmond

## FANNIE CRABTREE V. DICKENSON COUNTY.

March 5, 1945.

Record No. 2878.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

The opinion states the case.

*Hansel Fleming* and *Roland E. Chase,* for the appellant.

*G. Mark French, A. M. Phipps* and *E. J. Sutherland,* for the appellees.

HOLT, J., delivered the opinion of the court.

D. M. Crabtree owned one tract and an interest in another tract of land in Dickenson county: (1) 3½ acres; (2) a one-half undivided interest in 35 acres. He also owned a lot in the town of Clintwood. Taxes had stood delinquent on them for a number of years. They had been sold and bid in by the Commonwealth.

J. C. Smith had been appointed delinquent tax collector for the county and town. On April 9, 1941, he filed in the circuit court of the county a bill in the name of Dickenson county and of the town of Clintwood, asking that an account be taken of the liens on the land and that it be sold, or so much thereof as might be necessary to satisfy these prior tax claims.

On August 1, 1941, he was appointed special commissioner and was directed to take and state the liens binding these properties. This he proceeded to do and fixed January 24, 1942, as a time and his office in Clintwood as a place for the taking of such an account. It was taken and was filed on March 8, 1942. In it these liens were reported:

RECAPITULATION

| | |
|---|---:|
| 1st Lien in favor of Taxes | $ 575.20 |
| 2nd Lien in favor of Comth. of Va. | 14.25 |
| 3rd Lien in favor of Thomas M. Blansett | 8.70 |
| 4th Lien in favor of W. B. Phipps | 39.29 |
| 5th Lien in favor of Cumb. Chev. Sales Corp. | 184.09 |
| 6th Lien in favor of E. J. Sutherland Tr. | 988.24 |
| 7th Lien in favor of 1st Nat. Bk. Bluefield | 156.52 |
| 8th Lien in favor of Unaka & City Nat. Bk. | 1,024.80 |
| 9th Lien in favor of Cumb. Chev. Sales Corp. | 118.35 |

10th Lien in favor of Unaka & City Nat. Bk.....$   907.86
11th Lien in favor of Comth. of Va............    10.75
12th Lien in favor of Comth. of Va............    12.85
13th Lien in favor of G. Mark French, Trustee..   143.33
14th Lien in favor of A. M. Phipps, Trustee....   ·292.61
15th Lien in favor of E. J. Sutherland & W. L.
    Rush ..................................... 2,175.05

                                                $6,076.69

This report was confirmed by decree of date December 17, 1942. He was appointed special commissioner and was directed to sell said land for cash sufficient to pay delinquent taxes, costs, etc., and the balance in two equal installments at six and twelve months.

On February 8, 1944, the commissioner reported that he had sold the one-half undivided interest in the 35-acre tract, together with the Clintwood lot, to Fannie Crabtree for $400 in cash and recommended that this sale be confirmed. It was confirmed by decree on February 25, 1944, and Smith was appointed special commissioner to execute to the purchaser a proper deed. This he did, and on the same day the court entered another order, which recited that "nothing further to be done in this cause, the same is ordered to be stricken from the docket." Up to this time, D. M. Crabtree was the only party defendant to this cause.

On March 7, 1944, and within fifteen days of said final decree G. Mark French and A. M. Phipps, administrator of W. B. Phipps, deceased, filed their petition, which recites that French is the owner of $30,000 of indebtedness of the Dickenson County Bank, which had been placed in the hands of receivers W. L. Rush and E. J. Sutherland; that a part of this indebtedness could be collected but that the receivers had taken no steps to protect their rights and that E. J. Sutherland was a trustee in the land owned by the said D. M. Crabtree to secure an indebtedness due your petitioner's decedent, W. B. Phipps, and others; and that petitioner, G. Mark French, was made, prior to the institution

of the said suit by the said J. C. Smith, a trustee in a conveyance of part of the real assets owned by D. M. Crabtree and sold by J. C. Smith, delinquent tax collector, as aforesaid, to secure an indebtedness to W. B. Trivitt. The prayer of this petition was that the deed to Fannie Crabtree be set aside, and at the same time an upset bid of $1,200 was put in.

Fannie Crabtree answered this petition on April 28, 1944. From her answer and exhibits it appears that the debt set out in the petition of Phipps, administrator, and of G. Mark French was that secured to W. B. Trivitt and had been paid when the petition was filed or barred by the statute of limitations, and that they had no standing in court at that time. This seems to be conceded. She further denied that French owned any $30,000 indebtedness of the Dickenson County Bank. The record gives us no further information as to this claim. Her petition ends by asking that the decree of March 4, 1944, be set aside, and for further and general relief.

On April 26, 1944, Sutherland as trustee for the Virginia Intermont College filed his petition setting up an existing debt.

On May 4, 1944, the court set aside the sale of this property on the 8th day of February, 1944, to Fannie Crabtree.

When the sale of February 8, 1944, to Fannie Crabtree was confirmed on February 25, 1944, the court, of course, had no knowledge of the charges made in the French petition filed on March 7, 1944. The confirmation of February 25, 1944, followed the sale in due course but no attention seems to have been paid to this requirement of Code, section 2503:

"* * * that the beneficiary or beneficiaries under any deed of trust or mortgage are necessary parties provided the trustee or trustees under such deed of trust, or mortgagee or mortgagees, under such mortgage, are made parties, and in any such case the title conveyed to the purchaser at the judicial sale shall be held to bar such curtesy or dower and to be free of all claims of beneficiaries under any such deed of trust or mortgage."

But there was nothing to show that this indebtedness set up in the petition of March 8, 1944, had been paid on February 25, 1944, the date of the confirmation of the deed to Fannie Crabtree.

What then was the situation?

The filing of the petition of March 7, 1944, served to open up the decree of confirmation entered on February 25, 1944. It set up certain claims which now appear to have been either paid or barred by the statute of limitations when it was filed. It also set up a claim due to French as assignee of the Dickenson County Bank and put in an upset bid. Afterwards, on April 26, 1944, came the petition of Sutherland, trustee, and his claim appeared of record to the court in the report of the master commissioner filed before the sale afterwards made to Fannie Crabtree had been ordered. Moreover, the upset bid, of itself, still before the court, kept the cause open. It still retained jurisdiction.

With this information before it the court on May 4, 1944, set aside the sale of February 8, 1944, to Fannie Crabtree. It, therefore, appears that the court, upon the filing of the report by the master commissioner, had information of record before it to show that proper parties had not been impleaded, confirmed by the petition of April 26, 1944, and it was plain that the title to Fannie Crabtree was defective, for parties are not bound by decrees in causes not there impleaded. Of course, title of this upset bidder would have been open to an attack by Sutherland, trustee.

Independent of the standing of these petitioners of March 8, 1944, it was a proper decree for another reason: In the statement of liens it appeared that E. J. Sutherland was trustee for a debt due to the Virginia Intermont College. Neither he nor the college was made a party, though they were necessary parties, and this knowledge, as we have seen, was of record before the court, set up afterwards in the petition filed on April 26, 1944, and their claim appears in the report of the master commissioner.

It is true that the decree of May 9, 1944, is based in part upon the petition of A. M. Phipps, administrator of W. B.

Phipps, deceased, and G. Mark French. If it be conceded that this petition did not warrant the cancellation of the deed of February 25, 1944, another matter stated in the decree did.

It is true that two or more parcels of real estate may be covered by one bill, provided they are assessed to the same owner. But Blackacre should not be sold for taxes due on Whiteacre, for when one came to examine the title to Blackacre and saw that it was not bound by delinquent taxes, he should not, after purchase, have to pay any part of the taxes on Whiteacre, though they are held by the same owner.

The decree of the court below must be affirmed. If further proceedings are had in this cause, all trustees and beneficiaries who are not already before the court should be brought in.

*Affirmed.*